U!UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DARNELL WALKER | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | 3:23-cv-1469 (SVN) |
| | : | |
| NEW HAVEN COUNTY JAIL | : | |
| DISTRICT ADMINISTRATOR DOE 1, | : | |
| *et al.*, | : | |
|     *Defendants*. | : | |

## INITIAL REVIEW ORDER

Plaintiff Darnell Walker, who was previously incarcerated within the Connecticut Department of Correction ("DOC"), is currently serving a sentence of special parole.[1] He filed this civil rights complaint *pro se* under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by conspiring to unlawfully place him in segregated housing based on an allegedly erroneous designation in DOC's Security Risk Group ("SRG") Program at two periods of time: around November of 2021, during his initial incarceration, and again around July of 2023, after he was released and reimprisoned for a technical violation of his special parole. Plaintiff seeks money damages and an order granting him "immunity" from SRG restrictive housing.

---

[1] Information about Plaintiff's confinement status is publicly available on the DOC website. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=271062. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (the Court may "take judicial notice of relevant matters of public record."). Special parole is an additional period of supervision that begins after the expiration of an inmate's term of imprisonment. *See Blango v. Ludovico, Jr.*, No. 3:23-cv-212 (SVN), 2024 WL 326773, at *2 (D. Conn. Jan. 29, 2024). The DOC is responsible for supervising individuals during their terms of special parole, and the parolees may be reimprisoned for violations of conditions of special parole. *Id.*; *see also* Conn. Gen. Stat. §§ 54-125e and 54-126 (describing special parole and consequences of violation).

Plaintiff brings his claims against the following DOC Central Office officials: District Administrator Doe 1, District Administrator Rodriguez,[2] Director of Security Doe 4, Director of Security Santiago, and Intel Officer Papoosha. Plaintiff also names the following DOC employees who work at either New Haven Correctional Center ("NHCC") or Corrigan-Radgowski Correctional Center ("CRCC"): CRCC Deputy Warden Oles, CRCC Lieutenant Peau, NHCC Counselor McGee, NHCC Facility Intel Coordinator ("FIC") Mylhous, NHCC Grievance Coordinator Jane Doe 2, NHCC FIC Doe 3,[3] and CRCC FIC Dumas. Plaintiff sues all Defendants in both their individual and official capacities.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review pursuant to 28 U.S.C. § 1915A.[4] Based on this initial review, the Court orders

---

[2] Plaintiff indicates this may be the same person as District Administrator Doe 1. Am. Compl., ECF No. 8, at 2.

[3] Plaintiff indicates this may be the same person as Defendant Mylhous. Am. Compl. at 4.

[4] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint that includes only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

as follows.

### I.     FACTUAL ALLEGATIONS

The Court does not include herein all of the allegations from the complaint but summarizes only those facts necessary to provide context for initial review.

On or about November 15, 2021, while incarcerated, Plaintiff was placed in restricted housing ("RHU") in NHCC pending his SRG placement hearing. Am. Compl. ¶ 1. SRG hearings determine whether a prisoner should be placed in segregated housing because of their affiliation with certain risk groups, like gangs. *See Mendez v. Lis*, No. 3:18-CV-1460 (MPS), 2019 WL 1644235, at *2–3 (D. Conn. Apr. 16, 2019) (explaining the SRG hearing process). At Plaintiff's hearing, DOC placed him in SRG restrictive housing because DOC determined he had an SRG affiliation. Am Compl. ¶ 1. Plaintiff immediately appealed this finding. *Id.* Plaintiff alleges that his appeal was never processed because NHCC Administrative Remedy Coordinator ("ARC") Jane Doe 2, FIC Doe 3, District Administrator Doe 1, and Director of Security Doe 4 conspired not to process it.[5] *Id.* ¶¶ 2–3. Plaintiff bases his conspiracy allegation on the belief that the evidence shows he is not an SRG member, *id.* ¶ 3, though he does not provide any allegations detailing this evidence.

On March 2, 2023, Plaintiff was released from prison on special parole status, with what Plaintiff appears to characterize as a condition of avoiding gang activity. *Id.* ¶ 4. On June 21, 2023, Plaintiff was re-arrested for a "technical" violation of special parole and was placed at

---

[5] In places, Plaintiff's allegations appear to misstate the number associated with a Doe defendant. For instance, in his allegations Plaintiff explains that John/Jane Doe #3 failed to process his appeal. Am. Compl. ¶ 1. However, in his list of Defendants, Doe 3 is the Facility Intel Coordinator, whereas Doe 2 is the Grievance Coordinator at NHCC who was involved in his November 2021 SRG designation. *Id.* at 4. The Court refers to each Doe defendant according to the position alleged by Plaintiff in his description of the parties, rather than his allegations.

3

NHCC in the RHU pending another SRG hearing. *Id.* Once again, Plaintiff was designated as an SRG inmate. *Id.* As with his first SRG designation, Plaintiff claims this designation was wrongly decided, and he appealed. *Id.*

On July 2, 2023, Plaintiff handed his appeal to non-party Correctional Officer Hodge, who placed the appeal in the administrative remedy box. *Id.* However, ARC McGee conspired with FIC Mylhous, District Administrator Rodriguez, and Director of Security Santiago not to process this appeal. *Id.* ¶¶ 5–6. As a result, Plaintiff remained in the SRG restrictive housing program for 682 days. *Id.* ¶ 6. Plaintiff again claims, without detail, that the evidence shows he has no SRG affiliation. *Id.*

At some later point, while Plaintiff was housed at CRCC, Plaintiff raised his complaints to FIC Dumas, Deputy Warden Oles, Unit Manager Peau, and Central Office Intelligence Coordinator Papoosha. *Id.* ¶ 7. Instead of remedying Plaintiff's complaints, these Defendants conspired with District Administrator Doe 1, Director of Security Doe 4, FIC Doe 3, and ARC Doe 2 to keep Plaintiff's SRG status. *Id.*

Plaintiff alleges that, while housed in a RHU because of his SRG placement, he has suffered injuries from being handcuffed behind the back; nerve damage in his wrist and thumbs from being handcuffed frequently; and neck and back injuries from a lack of physical exercise and other unspecified incidents. *Id.* at 11. Plaintiff seeks money damages for his injuries and an order granting him "immunity" from SRG status going forward. *Id.*

4

**II.     DISCUSSION**

The Court construes Plaintiff's complaint as asserting a conspiracy to violate his civil rights under section 1983, and violations of his Fourteenth Amendment right to procedural due process and Eighth Amendment right to be free from cruel and unusual punishment.

A.     <u>Conspiracy to Violate his Civil Rights Under Section 1983</u>

To the extent Plaintiff asserts a conspiracy to violate his rights under section 1983, Plaintiff's allegations are insufficient as wholly conclusory.

For a conspiracy claim under section 1983, Plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (quoting *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000)). Here, Plaintiff fails to allege a factual basis to support a meeting of the minds or even a plausible inference that Defendants conspired to violate his constitutional rights. Rather, Plaintiff merely states, without any supporting claims, that Defendants conspired against him. Plaintiff has not explained why Defendants conspired or whether any evidence could support his claim that he is not SRG-affiliated. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) ("conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights" are insufficient) (quoting *Dwares v. City of N.Y.*, 985 F.2d 94, 100 (2d Cir. 1993)). Plaintiff does not explain the manner of the conspiracy, beyond bald, unsupported allegations. *See id.* ¶ 2 (alleging only that Defendants "conspired" without detailed support); *see also id.* ¶ 1 (alleging only that Defendants failed to "process" his appeal). Accordingly, any claim of conspiracy under section 1983 must be dismissed as not plausible.

5

B.     Fourteenth Amendment Procedural Due Process

The Court construes Plaintiff's complaint as asserting Fourteenth Amendment procedural due process claims, arising from his SRG affiliation hearings in 2021 and 2023.

"[T]he Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541 (1985).  Procedural due process analysis proceeds in two steps:  "[1] whether there exists a liberty or property interest of which a person has been deprived, and if so . . . [2] whether the procedures followed by the State were constitutionally sufficient."  *Swarthout v. Cooke,* 562 U.S. 216, 219 (2011) (*per curiam*).

Liberty interests may arise from either the Due Process Clause itself or "from an expectation or interest created by state laws or policies."  *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005).  In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court recognized that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  *Id.* at 483–84.  "A state-created liberty interest 'arises when state statutes or regulations require, in language of an unmistakably mandatory character, that a prisoner not suffer a particular deprivation absent specified predicates.'"  *Vega v. Lantz*, 596 F.3d 77, 83 (2d Cir. 2010) (quoting *Welch v. Bartlett*, 196 F.3d 389, 392 (2d Cir. 1999).  In the prison context, a prisoner must also show that he was subjected to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.

### 1.  *Liberty Interest*

As an initial matter, courts in this district have found that inmates have a liberty interest in their SRG classification. *E.g.*, *Velez-Shade v. Population Mgmt.*, No. 3:18-CV-1784 (JCH), 2019 WL 4674767, at *11 (D. Conn. Sept. 25, 2019) (recognizing an inmate's liberty interest in SRG classification). Further, Plaintiff alleges that he endured 682 days in harsh conditions as part of the SRG program. For purposes of initial review, Plaintiff's allegations are sufficient to suggest that he was subjected to "atypical and significant hardship," thereby establishing a liberty interest in the determinations for his SRG affiliation and classification. *See Sandin*, 515 U.S. at 484.

### 2.  *Process Due*

The level of process due to a protected liberty interest depends upon the context of the proceeding. For a disciplinary matter, an inmate is entitled to advance written notice of the charge, adequate time to prepare a defense, a written statement of the reasons for the disciplinary action taken, and a limited opportunity to present witnesses and evidence in his defense. *Wolff v. McDonnell*, 418 U.S. 539, 561–70 (1974). Due process requires that notice be sufficient to inform the inmate of the grounds for the charges to enable the inmate to prepare a defense to those charges. *Taylor v. Rodriguez*, 238 F.3d 188, 192–93 (2d Cir. 2001).

Plaintiff has not alleged that he lacked any notice or that he was not afforded a hearing prior to the determination of his SRG affiliation and SRG classification in 2021 or 2023. He complains instead that his SRG Appeals in 2021 and 2023 were not properly processed. But an inmate does not have a cognizable liberty interest in an appeal of a disciplinary or classification determination. *See Calhoun v. Quiros,* No. 3:23-CV-715 (SVN), 2023 WL 8618745, at *9 (D. Conn. Dec. 13, 2023) ("There is no constitutional right to appeal the decision in a disciplinary

7

hearing, and Plaintiff has identified no state-created right to an appeal his classification.") (internal citation omitted) (citing *Staton v. Gonzalez*, No. 3:22-CV-855 (VLB), 2023 WL 3042187, at *6 (D. Conn. Apr. 21, 2023)).  Thus, Plaintiff has not alleged any plausible Fourteenth Amendment procedural due process violation based on Defendants' failure to process his appeal.

Plaintiff also alleges that the evidence at his SRG hearings in 2021 and 2023 was in his favor.  A decision to place an inmate on a restrictive status must also be supported by "some evidence" that is reliable.  *See Taylor*, at 194; *see also Muniz v. Cook*, No. 3:20-CV-1533 (MPS), 2021 WL 5919818, at *4 (D. Conn. Dec. 15, 2021) (noting "'[s]ome evidence' really means 'some *reliable* evidence.'") (quoting *Elder v. McCarthy*, 967 F.3d 113, 129 (2d Cir. 2020)).  The final decision justification for segregation may "turn[] largely on purely subjective evaluations and on predictions of future behavior." *Proctor v. LeClaire*, 846 F.3d 597, 609 (2d Cir. 2017) (quoting *Hewitt v. Helms*, 459 U.S. 459, 474 (1983)).  Here, Plaintiff has not described the evidence presented in the SRG hearing, nor explained why he believes that evidence does not meet the "some evidence" standard.  The amended complaint therefore does not support a plausible inference that hearing determinations lacked "some evidence."  Accordingly, the Court concludes that Plaintiff has not stated any plausible Fourteenth Amendment procedural due process claims in this action.

      B.     Eighth Amendment

Plaintiff alleges that he has suffered harm while detained in the SRG program, including various injuries related to handcuffing and other incidents and lack of exercise.  Plaintiff's claims about his conditions arise under the Eighth Amendment.  *See Shabazz v. Sharr*, No. 3:19-CV-1233 (VLB), 2020 WL 646171, at *3 (D. Conn. Feb. 11, 2020) (considering conditions of

8

confinement claim from a special parole inmate under the Eighth Amendment).

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Although the Constitution does not require "comfortable" prison conditions, the Eighth Amendment imposes certain duties on prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care," and that prison officials "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

To state a deliberate indifference to health or safety claim under the Eighth Amendment, an inmate must demonstrate both an objective and a subjective element. To meet the objective element, an inmate must allege that he was incarcerated under conditions that resulted in a "sufficiently serious" deprivation, such as the denial of a "life necessity" or a "substantial risk of serious harm." *Id.* at 834 (cleaned up) (quoting *Wilson*, 501 U.S. at 298). To meet the subjective element, an inmate must allege that the prison officials possessed culpable intent, that is, the officials knew that the inmate faced a substantial risk to his health or safety and that officials disregarded that risk by failing to take corrective action. *See id.* at 834, 837. Thus, allegations supporting "mere negligence" are insufficient. *Id.* at 835. Rather, the subjective element requires that a plaintiff allege that prison officials acted with "a mental state equivalent to subjective recklessness, as the term is used in criminal law." *Salahuddin v. Goord,* 467 F.3d 263, 280 (2d Cir. 2006).

Likewise, an inmate alleging excessive force in violation of the Eighth Amendment has the burden of establishing both an objective and subjective component to his claim. *Sims v. Artuz*,

9

230 F.3d 14, 22 (2d Cir. 2000).   The subjective component focuses on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."   *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Here, Plaintiff has not alleged sufficient facts for the Court to assess whether he was subjected to objectively serious confinement conditions or the use of excessive force in order to sustain any plausible claims of Eighth Amendment violation.   Plaintiff's allegations cannot support even an inference as to Defendants' state of mind, let alone the inference that Defendants acted maliciously or sadistically.   Nor does he allege facts indicating that any particular named Defendant had any involvement in causing his injuries due to handcuffing and lack of exercise.   Accordingly, Plaintiff has not alleged any plausible Eighth Amendment claims in this action.

## ORDERS

For the foregoing reasons, Plaintiff's complaint is DISMISSED for failure to state any plausible claims under 42 U.S.C. § 1983.

If Plaintiff wishes to attempt to replead any of the claims asserted in his complaint that have been dismissed in order to attempt to state a viable claim, he may file an amended complaint by **March 4, 2024**.   An amended complaint, if filed, will completely replace the complaint, and the Court will not consider any allegations made in the original complaint in evaluating any amended complaint.   The Court will review any amended complaint after filing to determine whether it may proceed to service of process on any defendants named therein.   If Plaintiff fails

to file an amended complaint on or before **March 4, 2024**, the Court will dismiss and close this case.

**SO ORDERED** at Hartford, Connecticut, this 2nd day of February, 2024.

       */s/ Sarala V. Nagala*
       SARALA V. NAGALA
       UNITED STATES DISTRICT JUDGE